I concur in the final judgment of this court for the sole reason that I agree with our suggestion that where, as here, the defendant is also a suspect in the underlying criminal investigation, there may well be a Fifth Amendment privilege precluding prosecution under R.C. 2921.31(A), particularly for failure to provide information which would inevitably implicate himself in the underlying offense.
 {¶ 69} I also concur with the analysis and disposition by the lead opinion of the first, second, fourth and fifth assignments of error.
 {¶ 70} I do not concur with the lead opinion as to what constitutes adequate evidence of obstructing official business in violation of R.C.2921.31(A), as discussed in the third assignment of error.
 {¶ 71} The evidence clearly establishes, and the lead majority seems to concede, that the defendant provided a series of false statements to the police and that as a result, certain aspects of the investigation such as apprehending the female accomplice, obtaining positive identification of her by the store employees, and the possible retrieval and identification of any stolen property were certainly hampered or impeded. The defendant's overall statement to police included several remarks providing contradictory accounts of his own conduct and at least one statement denying any knowledge of the identity of his accomplice. There was ample evidence surrounding these various remarks for the jury to infer and determine that in making the overall statement to police the defendant was being untruthful, both in terms of providing a false account of his own activities and in denying any knowledge as to the name of his accomplice.
 {¶ 72} The lead opinion would preempt the jury determination of this issue by purporting to separate the denial of any knowledge of the accomplice's identity from the remaining false remarks of the defendant and then concluding as a matter of law, that standing alone, the failure to provide the name of the accomplice "cannot constitute an affirmative act under R.C. 2921.31(A) because a person cannot be guilty of obstructing official business by failing to act." In other words, any denial of knowledge of a particular matter, no matter how false or misleading, would not constitute a basis for prosecution under R.C.2921.31(A), because a denial would be construed as merely a failure to provide information, i.e. a "failure to act" which could not constitute obstructing official business as a matter of law.
 {¶ 73} I respectfully disagree with this analysis. One who declines to make any statement at all has perhaps not committed any affirmative act. Choosing to respond to official inquiry by providing the police with false, misleading or incomplete information designed to mislead them in an investigation is a very different matter and surely constitutes the affirmative act contemplated by R.C. 2921.31(A).
 {¶ 74} In sum, I cannot envision that the proper construction of this statute requires us to parse any overall statement to police into each individual remark within that statement — and to then classify each remark as "passive" or "affirmative" without regard to its context within the overall statement, in order to determine whether that particular remark constitutes an "affirmative act" relevant to the investigation, for which the defendant can be charged and convicted. If so, then it would open the door for the state to charge a defendant with separate offenses for each and every such remark within any given statement — something I doubt any of us would wish to intentionally endorse today.
Bryant, J., concurs in the foregoing separate opinion.